ELIAS D. POWELL ET AL.

v.

DAVID KELLEY ET AL.

1. PROVINCE OF JURY.—It is for the jury to construe the evidence and give it such weight and effect as in their judgment it is justly and fairly entitled to, and in the absence of anything showing passion or prejudice on their part or indicating that they were misled, an appellate court should not ordinarily interfere with their finding.

2. INSTRUCTION ON NEGLIGENCE.—The modification of the court in the instruction on negligence that "negligence may be inferred or proved by facts and circumstances, provided they are sufficient in the minds of the jury to convince them that there was negligence," was proper.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed December 16, 1885.

Messrs. McCAGG & CULVER and Mr. EDGAR MADDEN, for appellants; that the modification of the instruction was erroneous, cited Toomey v. Ry. Co., 91 Com. Law R. 146; Quinlan v. Sixth Avenue R. R. Co., 4 Daly, 487; Counselman v. Whitehair, 14 Bradwell, 74; Hunting v. Baldwin, 6 Bradwell, 547.

Mr. GEORGE P. WHITCOMB, for appellees; as to proof of negligence, cited T. W. & W. R. R. Co. v. Beggs, 85 Ill. 80;

Powell v. Kelley.

Hunt v. Missouri River R. R. Co., 14 Mo. Appeal R. 171; Gardner v. Heartt, 3 Denio, 236; Renick v. O'Hara, 6 Blatchf. 274; Cotterell v. Starkey, 8 C. & P. 691; Fletcher v Ryland, 3 H. L. 330.

PER CURIAM. The appellees sued the appellants in case, and recovered a judgment for $210 and costs, for the loss of a horse, alleged to have been killed by the negligence of an employe of the appellants. It appears that while the appellees' team was standing on one of the streets of the city of Chicago, a span of horses belonging to the appellants, in charge of and being driven by their teamster, became frightened and unmanageable, and ran into appellees' team, causing an injury to one of their horses, from which he shortly afterward died.

With the exception of the modification of one of the instructions to the jury asked by the appellants, the questions presented by the record are purely questions of fact. We have examined the evidence and are of the opinion that it sustains the verdict and judgment. There was evidence tending to charge the appellants' drivers with negligence, and we think the jury were warranted in finding that such negligence was established, and also that the appellees' driver was guilty of no negligence which materially contributed to the injury complained of.

It was for the jury to construe the evidence and give it such weight and effect as in their judgment it was justly and fairly entitled to, and in the absence of anything showing passion or prejudice on their part, or indicating that they were misled, an appellate court should not ordinarily interfere with their finding.

The appellants asked an instruction that the burden of proving negligence was on the party alleging it; that such proof must be made by a preponderance of evidence; and that if the jury found that the appellants' driver was guilty of no negligence, or that the weight of evidence was in favor of the appellants, or was equally balanced, the appellees could not recover. This instruction was modified by the court by add-

ing thereto the following: "But in this connection, the court instructs the jury that negligence may be inferred or proved by facts and circumstances, provided they are sufficient, in the minds of the jury, to convince them that there was negligence." We think that the proposition contained in this modification is clearly the law, and it is not apparent to us that the appellants could have been prejudiced thereby.

There being no error in the record the judgment will be affirmed.

Judgment affirmed.